# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PETER HULL,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0941** (BOR Appeal No. 2048336)
                    (Claim No. 2010134284)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Peter Hull, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Highways, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2013, in which the Board affirmed an April 16, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 19, 2011, decision which denied a reopening of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hull, a bridge worker, was injured on April 26, 2010, when he hit his head on a sink at work. The claim was held compensable for post-concussive syndrome. The claims administrator stated that because Mr. Hull was disabled for less than four days, he was only eligible for treatment and expenses and not temporary total disability benefits. Mr. Hull was treated at St. Joseph's Hospital on May 3, 2010, for syncope and dizziness. He reported increased dizziness, blurred vision, memory loss, headaches, and nausea after hitting his head at

1

work. The impression was headache, dizziness, high blood pressure, and post-concussive syndrome. A CT scan and MRI of the head were normal.

Mr. Hull's treating physician, Felix Brizuela, D.O., noted in a June 10, 2010, treatment note that Mr. Hull had sustained multiple concussions in the past due to boxing and accidents. Mr. Hull was given testosterone replacement and the headaches improved. An EEG was normal. Dr. Brizuela noted in August of 2011, that Mr. Hull had begun losing consciousness again. He diagnosed syncopal episodes but was uncertain of the etiology. On July 18, 2012, Dr. Brizuela noted that Mr. Hull's headaches had responded well to steroids, which indicated that they were likely the result of chronic inflammation due to some kind of upper cervical pathology. On September 28, 2011, Mr. Hull requested a reopening of his claim for temporary total disability benefits. The application indicates he began suffering from syncope of uncertain etiology, chronic headaches, and a concussion with short term memory loss as a result of the compensable injury. He requested temporary total disability benefits from May 5, 2010, to an indefinite date.

On October 17, 2011, Randall Short, D.O., opined in a physician review that Mr. Hull's ongoing symptoms are not related to his compensable injury. He had normal EEGs, a normal CT scan, and a normal MRI. He responded extremely well to testosterone supplementation and Dr. Short determined that the hypogonadism that has been diagnosed is not work-related. He therefore recommended denying a request for temporary total disability benefits. On November 2, 2011, James Dauphin, M.D., agreed that Mr. Hull's symptoms are not the result of his compensable injury. He noted multiple losses of consciousness and other non-work-related medical issues and opined that Mr. Hull's injury did not aggravate his pre-existing condition.

An independent medical evaluation was performed by ChuanFang Jin, M.D., on December 3, 2012. She diagnosed syncope of uncertain etiology, poorly controlled hypertension, migraine headaches, probable concussion likely related to the compensable injury, and cognitive dysfunction of uncertain etiology. She opined that Mr. Hull had a syncope episode on the date of the compensable injury that caused him to fall. The episode was not work-related. She stated that he reported that he could not remember how he fell. This indicated that he lost consciousness before he fell and not after. She noted that he had experienced similar episodes without triggers since the first episode. CT and MRI scans of the brain taken approximately a week after the compensable injury showed no evidence of brain trauma or structural changes. Dr. Jin stated that syncope is not a symptom of post-concussive syndrome and that Mr. Hull clearly has a pre-existing illness which is causing his current symptoms. She also stated that post-concussive syndrome does not progress over time.

The claims administrator denied a request to reopen the claim for temporary total disability benefits on October 19, 2011. The Office of Judges affirmed the decision in its April 16, 2013, Order. The Office of Judges found that Mr. Hull has a history of multiple concussions as evidenced by Dr. Brizuela's treatment notes; however, EEG, CT, and MRIs were all negative for brain conditions. Mr. Hull suffered severe headaches following his compensable injury which were greatly improved by testosterone supplements and Tegretol. Drs. Jin and Short both determined that the hypogonadism was not work-related.

The Office of Judges determined that Dr. Jin's December 3, 2012, independent medical evaluation was the most comprehensive and reliable report of record. She determined that the syncope was of uncertain etiology. She felt that Mr. Hull's history strongly suggested a serious non-compensable medical illness that was unrelated to, and most likely pre-existed, his compensable injury. Recurrent syncope episodes without obvious brain structural changes suggested an etiology other than a concussion and syncope is not a symptom of post-concussive syndrome. The Office of Judges found that none of Mr. Hull's diagnostic tests indicate any brain condition to which syncope could be related. The Office of Judges also found that the reopening application was signed by Dr. Brizuela, who stated that Mr. Hull's current diagnosis was syncope of uncertain etiology. He opined that the aggravation or progression of the condition was that Mr. Hull had suffered another episode of syncope of uncertain etiology. The Office of Judges concluded that there was no progression or aggravation of the compensable injury in this case as Dr. Brizuela did not relate the syncope to the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 26, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidence fails to show that there has been an aggravation or progression of the compensable injury that would require a reopening of the claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3